# Horace M. Norton, Plff. in Err., v. The Borough of South Easton.

The lien accorded by the general borough act for expenses of making sidewalks does not attach to a lot until the work for which it is claimed has been begun; and cannot be enforced against one who, though owner when the proceedings were initiated, conveys before commencement of the work.

#### (Decided October 6, 1885.)

Error to the Common Pleas of Northampton County, to review a judgment founded on a lien for expenses for constructing a sidewalk. Reversed.

The case is stated in the opinion of the court.

*B. F. Fackenthal* and *Edward J. Fox* for plaintiff in error.

*W. S. Kirkpatrick* and *Henry W. Scott,* for defendant in error.—Municipal assessments for street improvements, made by statute the subject of a lien, are in their nature the same as work and labor of mechanics and material men, and subject to the same rules of construction and pleading. Philadelphia v. Sutter, 30 Pa. 55.

The judgment upon a lien is *in rem.* It is a proceeding entirely to subject the land to the payment of the assessments, and creates no personal liability against either of the defendants. Emrick v. Dicken, 92 Pa. 78; Sullivan v. Johns, 5 Whart. 366; Anshutz v. McClelland, 5 Watts, 487; Spare v. Walz, 10 W. N. C. 82.

If Norton had no interest, then the fact specially pleaded by him, that he was not the owner, is no defense to the scire facias. Leiby v. Wilson, 40 Pa. 63; Van Billiard v. Nace, 1 Grant Cas. 233.

---

NOTE.—Likewise, under the act of May 16, 1891 (P. L. 69 and P. L. 75, § 8), the abutting owner is charged with the cost of street improvements from the time of the commencement of the work. De Arment v. Kennedy, 14 Pa. Super. Ct. 539. Under the local act relating to Wilkesbarre (Act April 5, 1867, P. L. 841), assessments for paving became a lien from the time of the completion of the work. Beaumont v. Wilkesbarre, 6 Kulp, 103.

Municipal liens, by the general borough act of April 3, 1851, § 2 (Purdon's Digest, 167, pl. 26, VI.), are to be collected "as claims are by law recoverable under the provisions of the law relative to mechanics' liens."

If the owner is unknown, "the reputed owner" may be named as defendant, and service made upon him; and, if he should not be the real owner, a sale upon the judgment would pass title to the purchaser. Delaney v. Gault, 30 Pa. 63.

The act of April 16, 1840, § 10 (Purdon's Digest, 1088, pl. 23), relating to municipal claims in the city of Philadelphia, requires the name of "the owner, or reputed owner," to be set forth in the lien. Under this section, it has several times been held that a claim might be filed against "unknown owner," if the location of the property was designated. Wistar v. Philadelphia, 86 Pa. 215; Northern Liberties v. Coates, 15 Pa. 245; City v. Unknown, 11 W. N. C. 323.

A writ of error was taken to the judgment of the court below in the last-named case, Gans v. Philadelphia, 102 Pa. 97, and then, for the first time in this line of authority, the attention of the court was called to the act of the 29th of March, 1867, which provided for the registry of all owners of real estate "to promote the more certain and equal assessment of taxes in Philadelphia."

A mechanic's lien need not name the owner holding the title at the time the lien is filed; it is sufficient if it names the owner at the time the work is commenced. Jones v. Shawhan, 4 Watts. & S. 257; Fourth Ave. Baptist Church v. Schreiner, 88 Pa. 124.

A contractor is properly joined in a lien with the owner, because it is required by statute. It is error not to name the contractor. McCay's Appeal, 37 Pa. 125.

"If notice is duly given, the work must be at least commenced within the period limited. If not, the city may cause it to be done, and charge the expense of it as a lien." 2 Trickett, Liens, § 666.

Common observation shows that it is usual to employ curbstones when streets and sidewalks or footways are paved, and that they are among the ordinary means used. But whether they are or not is a question for the jury. There is nothing to prohibit the authorities from making a contract for the whole work. If there is a scheme of fraud to collect from the owner

excessive amounts, he may defend upon that ground *pro tanto* and show the actual value. As lot owners they are liable, under the statute, for the costs and "expenses of grading and paving, no matter how it was done, whether by contract or not." Schenley v. Allegheny, 25 Pa. 128-130.

OPINION BY MR. JUSTICE STERRETT:

The lien on which this scire facias issued was intended to be filed under the provisions of the general borough act which authorized the borough authorities "to require and direct the grading, curbing, paving, and guttering of the side or foot walks by the owner or owners of the lots of ground respectively fronting thereon in accordance with the general regulations prescribed. To cause the same to be done on failure of the owners thereof, within the time prescribed by the general regulations, and to collect the cost of the work and materials, with 20 per cent advance thereon, from said owners as claims are by law recoverable from under the provisions of the law relative to mechanic's liens. Brightly's Purdon's Digest, p. 167, ¶¶ 25, 26.

The lien thus given, like a mechanic's lien, attaches when the work on the ground is commenced, and not before. It was never contemplated that it should be filed against any other than the owner of the property at the time the work was commenced, and those who acquire title thereafter and before the filing of the lien. We cannot understand why the borough authorities, with actual knowledge that Norton had sold and conveyed his interest in the property months before the paving was commenced, should include him in the lien, and insist on keeping him on the record as a defendant. The fact that he had no interest in the property at the time the lien attached is distinctly averred in the special plea; and he offered to prove it on the trial, but was not permitted to do so. In this there was error for which the judgment must be reversed.

With the exception of so much of the specifications as relate to the special defense of Norton, there is nothing in the assignments of error that requires notice. In other respects than that above noticed, the rulings of the court are substantially correct.

Judgment reversed, and a *venire facias de novo* awarded.